UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:25-cr-228-HES-LLL

CARLOS FELIPE JARAMILLO GRAJALES

**FACTUAL ALLEGATIONS IN SUPPORT OF JUDICIAL REMOVAL**

The United States alleges the following facts in support of its Notice of Intent to Request Judicial Removal:

1.    The defendant is not a citizen or national of the United States.

2.    The defendant is a native of Colombia and a citizen of Colombia.

3.    The defendant was admitted to the United States in Orlando, Florida, on or about June 20, 2025, as a K-1 nonimmigrant fiancée of a United States citizen.

4.    Prior to K-1 admission, the defendant entered the United States without admission at an unknown place and time.

5.    On or about March 28, 2023, the defendant willfully and knowingly made a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States for his own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, by completing the passport application with false and fraudulent information, including the false name of a person with the initials J.L.R., a

false Social Security Number, and a false date of birth, knowing that these representations were false.

6.      At the time of sentencing in this case, the defendant will have been convicted of making false statements in an application for a United States passport, in violation of 18 U.S.C. § 1542, unlawful use of the means of identification of another person, in violation of 18 U.S.C. § 1028A(a)(1), fraudulent use of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B), and making a false claim of United States citizenship to vote in an election, in violation of 18 U.S.C. § 1015(f).

7.      The maximum sentence for a violation of 18 U.S.C. § 1542 is ten years of imprisonment. The maximum sentence for a violation of 18 U.S.C. § 1028A(a)(1) is two years of imprisonment. The maximum sentence for a violation of 42 U.S.C. § 408(a)(7)(B) is five years of imprisonment. The maximum sentence for a violation of 18 U.S.C. § 1015(f) is five years of imprisonment.

8.      The defendant is, and at sentencing will be, subject to removal from the United States pursuant to Section 237(a)(1)(A) as it relates to Section 212(a)(6)(C)(ii)(I) of the Immigration and Nationality Act, as amended ("INA"), in that at the time of entry or adjustment of status, the defendant was an alien who had falsely represented himself to be a citizen of the United States for any purpose or benefit under the INA (including Section 274A) or a Federal or State law, and Section 237(a)(2)(A)(i) of the INA, in that the defendant will have been convicted of a crime

2

involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed.

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to Colombia.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  /s/ *Arnold B. Corsmeier*
ARNOLD B. CORSMEIER
Assistant United States Attorney
Florida Bar No. 869139
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:  (904) 301-6300
Facsimile:  (904) 301-6310
E-mail:       chip.corsmeier@usdoj.gov

3